**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ALBERTO SANABRIA ALVARADO; MARTHA LUZ MOREIRA DE SANABRIA; GERARDO ALBERTO SANABRIA MOREIRA; LEONARDO ALBERTO SANABRIA MOREIRA; MOREIRA ANDREA PAOLA SANABRIA, AKA Andrea Paola Sanabria Moreira, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70414 <br><br> Agency Nos.     A088-126-614 <br>                      A088-126-615 <br>                      A088-126-616 <br>                      A088-126-617 <br>                      A088-126-618 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2014[**]
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Oscar Alberto Sanabria Alvarado ("Sanabria Alvarado"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). His wife and three children are derivative beneficiaries of his application. Our jurisdiction is governed by 8 U.S.C. § 1252, and we deny his petition.

To be eligible for asylum, an applicant must demonstrate either that he has suffered persecution in the country of removal or that he has a well-founded fear of future persecution there. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). Substantial evidence in the record supports the IJ's conclusion that the mistreatment Sanabria Alvarado claims to have suffered in El Salvador—consisting largely of unspecific threats—does not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Nor has Sanabria Alvarado established a well-founded fear of future persecution. The past mistreatment was allegedly motivated by Sanabria Alvarado's involvement in an engineering project. That project was canceled after Sanabria Alvarado's departure from El Salvador, and he has presented no evidence that other project participants have been victimized in the years since the cancellation.

Because Sanabria Alvarado cannot meet his burden of proof for asylum, he necessarily fails to meet the higher burden of proof for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the IJ's denial of relief under the CAT. *See* 8 C.F.R. § 1208.16(c)(2) (requiring an applicant for CAT relief to establish that torture is more likely than not upon removal).

**PETITION DENIED.**